IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SHAWN GILLCHREST, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:18-CV-164-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Shawn Gillchrest ("Petitioner") filed a *Petition for a Writ of Habeas Corpus by a Person in State Custody*, challenging the constitutional and statutory legality or validity of his state court conviction and resultant 20-year sentence for evading arrest with a vehicle, enhanced by a prior felony conviction. (ECF 3[1], at 1[2]). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

## I.     PROCEDURAL HISTORY

On March 29, 2017, Petitioner was charged by grand jury indictment in Potter County, Texas, in Cause No. 73525-E, with evading arrest or detention *with a vehicle*, a third degree felony[3], further enhanced by one prior conviction[4], in violation of Texas Penal Code §§ 38.04(B)(2)(A) and 12.42(a).

---

[1] The "ECF __" reference is to the number of the item on the docket in this civil action.

[2] The reference is to the page identification number ("PageID") reflected at the top right corner of the document.

[3] Petitioner claims in his memorandum of law, filed in support of his petition, that his evading arrest charge is a state-jail felony. (*See* ECF 5, at 2). Petitioner was indicted and convicted of a third-degree felony. This distinction is relevant to Petitioner's other allegations and is discussed *infra*.

[4] Petitioner was also subsequently indicted for possession of a controlled substance, in an amount less than one gram (penalty group 1), in violation of Texas Health & Safety Code § 481.115(b), a state jail felony, with *two* prior felonies used to enhance his possible sentence. (*See* ECF 5, at 17). This charge was dismissed pursuant to Petitioner's plea to the evading charge.

(*See* ECF 14-2, at 3). The enhancement paragraph of the indictment alleged that the Petitioner was finally convicted of the felony offense of aggravated robbery in Cause No. 93-417718 of the 364th District Court of Lubbock County, Texas on February 11, 1994. (*See id.*). Petitioner pleaded true to this enhancement as part of his plea. Petitioner's subsequent indictment for the drug possession charge alleged two enhancements: the same 1994 robbery conviction, and the offense of theft or receipt of stolen matter in the United States District Court for the Northern District of Texas, Amarillo Division, in Cause No. 2:11-CR-004-J on July 18, 2011. (*See* ECF 5, at 17).

Petitioner was appointed counsel to represent him in state court. (ECF 14-2, at 48). Petitioner filed a bar grievance against his attorney the month prior to his plea, but his appointed attorney remained on his case for the duration of his state court proceedings. (ECF 5, at 10-14). Petitioner's written plea admonishments indicated that he faced a mandatory minimum sentence of 25 years and a maximum sentence of 99 years in prison if found guilty of the offense after trial, based on his third-degree felony charge, and his "habitual felony offender, twice enhanced" status. (ECF 14-2, at 10). Petitioner pleaded guilty to the offense of evading arrest with a vehicle, enhanced by a prior felony conviction; he received an agreed 20-year sentence and the dismissal of his state-jail felony possession of a controlled substance case. (*See* ECF 14-2, at 5). He pleaded true to the enhancement paragraph referencing the aggravated robbery conviction. (*See id.*). Petitioner also signed written admonishments regarding his plea and a judicial confession. (ECF 14-2, at 9-13, 15). Petitioner was sentenced to the agreed 20-year term. (ECF 14-2, at 5).

Petitioner did not file a direct appeal of his conviction or sentence, but he did file an application for writ of habeas corpus, which was denied without written order on November 15, 2017. (ECF 14-2, at 20-34; ECF 5, at 22). Petitioner filed the instant federal application on August 31, 2018. (ECF 3, at 1).

## II.   FACTUAL HISTORY

Petitioner has been convicted of the following offenses[5]:

| Cause Number | Offense | Offense Date | Sentence Date | Jurisdiction |
|---|---|---|---|---|
| **93-417718** | **Aggravated Robbery** | **June 7, 1993** | **February 10, 1994** | **Lubbock County** |
| 32,813-E | Theft over $750 | April 28, 1993 | June 14, 1994 | Potter County |
| 21202-C | Theft of Property >1500, <$20,000 | December 5, 2009 | March 19, 2010 | Randall County |
| **2:11-CR-0004-J** | **Theft or Receipt of Stolen Matter** | **December 20, 2010** | **July 18, 2011** | **Northern District of Texas** |
| 073525-E | Evading Arrest or Detention with a Vehicle | February 7, 2017 | September 5, 2017 | Potter |
| 21584 | Assault on a Public Servant | April 29, 2020 | February 5, 2021 | Cherokee County |

*See* Texas Department of Criminal Justice ("TDCJ") Online Offender Search, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05096248 (last accessed June 14, 2021); *see also U.S. v. Gillchrest*, No. 2:11-CR-0004-J (N.D. Tex. 2011).

Petitioner filed a bar grievance against his court-appointed counsel prior to accepting a plea of guilt, alleging that counsel was ineffective in his representation. (ECF 5, at 10-14). Petitioner did not present any information to the state trial court that he was able to afford to retain his own counsel and he did not, in fact, hire his own counsel between February 13, 2017 (when counsel was appointed) (ECF 14-2, at 48) and when he accepted the plea on September 6, 2017 (ECF 14-2, at 5-6). Thus, over seven months passed with court-appointed counsel on his case, and Petitioner was not able to hire his own counsel during that time period. (*See id*.).

During Petitioner's 2013 incarceration on federal charges, he was diagnosed with "intermittent explosive disorder." (ECF 5, at 21). His health records from that time also reflect prior episodes of suicidal thoughts and inclinations. (*See id*.). Petitioner has not presented any evidence or made any arguments in support of his habeas application that he was unable to understand the nature

---

[5] Petitioner does not specifically concede his criminal history, but the administrative record establishes these convictions. Additionally, the Court can take judicial notice of the federal conviction, arising out of this division. Although the recognition of these convictions by the Court is not determinative of whether any of these convictions were "proven" as enhancements in Petitioner's subsequent criminal proceedings, the record also reflects that Petitioner pled "true" to the aggravated robbery conviction from 1994. (*See* ECF 14-2, at 5).

of the charges against him or assist in his defense at the time of his 2017 state court plea. (*See* ECF 3, at 1-17; ECF 5, at 1-25).

### III.   PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment prior to his plea, as asserted in the State Bar of Texas grievance filed prior to his sentence.
>
> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment by counsel's failure to challenge the sentencing enhancement paragraph in his indictment. Additionally, the indictment was defective as a result of the enhancement contained therein.
>
> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to adequately investigate his case.
>
> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to pursue a defense that Petitioner was not competent to stand trial based on his history of mental illness.
>
> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to properly advise him regarding a one-year community supervision plea agreement.
>
> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to seek a psychiatric evaluation.
>
> Petitioner's Sixth Amendment right to counsel was violated when the state trial judge failed to grant a continuance to allow Petitioner to hire his counsel of choice.
>
> Petitioner's plea was involuntary and unknowing because he was given incorrect punishment admonishments regarding the indictment at the time of his plea.
>
> Petitioner's plea was involuntary because he was coerced by false threats from the prosecutor and state trial judge regarding the possible length of his sentence (25 to 99-years) if he went to trial.

(*See* ECF 3, at 5-7; ECF 5, at 2-9; ECF 14, at 2).

## IV.     RESPONSIVE PLEADINGS

On January 4, 2019, the Respondent filed an Answer to the Petitioner's application. (ECF 14). Respondent argued that several of Petitioner's claims are procedurally defaulted by his failure to raise the claims in the state court. (*See id*., at 4-7). Respondent also claims that Petitioner's remaining claims are waived by his voluntary and knowing guilty plea. The crux of the Petitioner's habeas application revolves around whether his plea was knowing and voluntary based on the "enhancements" and admonishments regarding his possible sentencing range. Respondent argues that Petitioner's plea was voluntary because the state court prosecutor was able to amend the evading arrest indictment to include a second enhancement paragraph at any time before trial.[6] Respondent asserts that Petitioner's claim for denial of counsel of choice and his claim regarding the bar grievances are also waived by his plea. (ECF 14, at 12-25).

On March 7, 2019, Petitioner filed his Reply to Respondent's Answer. (ECF 18). Petitioner argues his claims should not be procedurally defaulted because he was "under the impression that it is within merits [sic] to hurdle state courts to the federal courts when the state courts can not [sic] rule on a constitutional error, being the denial of Sixth Amendment right to counsel." (ECF 18, at 1). However, Petitioner did file an 11.07 habeas application with state court, wherein he did argue one

---

[6] The Respondent states that Petitioner's aggravated robbery conviction could be combined with his "theft over $750" conviction to merit the "double enhancement" resulting in a sentence range of 25-99 years. (ECF 14, at 9). The Court disagrees. The statutory language of Texas Penal Code § 12.42(d) requires that "the second previous felony conviction is for an offense that *occurred* subsequent to the first previous conviction *having become final*…" (emphasis added). Here, Petitioner's conviction for aggravated robbery (or the theft conviction) was not final *before* the other offense occurred. However, the Respondent acknowledges that Petitioner's later federal conviction was a "another" opportunity for enhancement. (ECF 14, at 9). The Court finds it was the only other opportunity for enhancement.

However, the Court notes that the state court prosecutor obviously realized that the proper second enhancement felony would be the federal conviction for theft or receipt of stolen matter, as evidenced by the indictment in the possession of a controlled substance case. (*See* ECF 5, at 17). Thus, the state prosecutor could have amended to indictment with a second enhancement paragraph, properly resulting in a 25 to 99-year sentence.

Under the Texas habitual offender scheme, felony convictions obtained in federal courts can be used to properly enhance a defendant's sentence. *See, e.g*., TEXAS CRIMINAL PRACTICE GUIDE § 41.05[3] [e] ("Felony convictions rendered by federal courts and the courts of other states may be used to enhance punishment."). It follows that Petitioner cannot show that his guilty plea was induced by a *false* threat of receiving a higher sentence if double enhanced.

claim of ineffective assistance of counsel. (ECF 14-2, at 25-31). Petitioner acknowledges his failure to include all the grounds for ineffective assistance of counsel in his state court petition that he now asserts in his current petition before this Court. Petitioner's inclusion of one ineffective assistance of counsel claim in his state petition belies his claim that he was unaware of the need to raise such claims with the state courts. Further, Petitioner's argument conflates the claims that must be brought on *direct appeal* with the state with those that can be brought in an 11.07 application with the state courts (e.g. his ineffective assistance of counsel claims were not cognizable in a direct appeal, which he did not pursue, but were fully cognizable in his 11.07 application, which petitioner clearly did understand because he pursued some of these claims at that time). Thus, the Court finds it unavailing that Petitioner's failure to bring such claims in state court was the result of his faulty understanding that he could bring them directly in federal court.

## V.     STANDARD OF REVIEW AND RULE 5 STATEMENT

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly

established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc per curiam*)(focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals ("TCCA") denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

"When, as here, there is no reasoned state-court decision on the merits, the federal court 'must determine what arguments or theories . . . *could* have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.'" *Sexton v. Beaudreaux*, __ U.S. __, 138 S. Ct. 2555, 2558 (2018)(quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (emphasis added). If such a disagreement among jurists is possible, then Petitioner's claim must be denied. *Id.*

A reasoned state court opinion is not required to determine whether a state court's decision resulted from an unreasonable legal or factual conclusion. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing that there was *no reasonable basis* for the state court to deny relief." *Id.* (emphasis added). This is so whether or not the state court decision reveals which of the elements (in a multi-part claim)

it found insufficient. *Id.* Section 2254(d) applies when a "claim," not a component of one, has been adjudicated. *Id.*

Even where the state court does not cite applicable Supreme Court precedent or is unaware of the precedent, deference is required so long as neither the reasoning nor the result of the state court decision contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002)(*per curiam*). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. The standard was meant to be difficult to meet:

> § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (citations omitted).

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### C. Rule 5 Statement

Respondent asserts that Petitioner failed to sufficiently exhaust his state remedies as required for five of his ineffective assistance of counsel claims in his petition: (1) failure to adequately investigate his case; (2) failure to pursue specific defenses (mental competency); (3) failure to properly advise Petitioner regarding a one-year community supervision plea agreement; (4) providing erroneous advice; and (5) failure to seek a psychiatric evaluation. *See* 28 U.S.C. § 2254(b)(1); (ECF 14, at 2-4). Respondent does not assert any statute-of-limitations bars to Petitioner's claims.

### VI.   MERITS

#### A. Procedural Defaults: Ineffective Assistance of Counsel Claims

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005) (holding unexhausted claims ineligible for stay when state court would find them procedurally barred).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless

the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Petitioner filed his state habeas application on October 11, 2017. (ECF 14-2, at 20). As a part of that application, Petitioner challenged the ineffectiveness of his trial counsel. (*See id.*, at 20-25). However, Petitioner solely challenged his counsel's ineffectiveness in his state habeas petition as follows:

> [counsel] did violate my civil rights by not expressing to the courts that a charge of evading enhanced when one paragraph is a punishment of 2-10 years. While signing a 20-year sentence, under a threat by the courts to give me 25-99. By dropping the charge of possession, in indictment 74057-E-CR, which brought 2 enhancements [sic] paragraphs, should have brought sentencing phase to 2-10 years, and did not.

(ECF 14-2, at 26-27).

> On August 23, 2017, I filed a grievance to the State Bar of Texas on [counsel]. For 7 months, while [counsel] was my court appointed attorney, notified [sic] me 1 time, in the month of August after several letters written to him from Potter County Detention Center (which is logged and on file). After speaking with him on the phone, he was only talking about my past convictions and a 20-year plea agreement, never about the evading or possession charge, stating the courts would convict me on my past record. At this time, I knew I need to retain counsel, clearly, this is ineffective assistance of counsel.

(ECF 14-2, at 30).

Petitioner did not raise the following claims of ineffectiveness he now pursues: failure to investigate, failure to present competency defense, failure to present other plea offers, or failure to seek a psychiatric evaluation. (*See id.*). Petitioner was able to raise all of these claims, but failed to

do so, at the time he filed his state petition. To the extent that Petitioner's "erroneous advice" claim is connected to counsel's failure to challenge his enhancement provisions, or to Petitioner's allegedly excessive sentence, the Court does not consider such claims procedurally defaulted. As evidenced herein, *infra*, Petitioner's plea was not the subject of "false threats" of impermissible enhancements and was not involuntary; additionally, Petitioner has not asserted actual innocence such that procedural default would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Petitioner has not asserted any "cause" for his procedural default, other than his allegedly false understanding that he could "hurdle" the state courts in ineffective assistance of counsel claims. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (petitioner's belief not an external factor to petitioner and thus not good cause).

Further, because Petitioner's plea was knowing, voluntary, and intelligent, as discussed *infra*, he has waived the right to assert several of these challenges even absent procedural default. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)(guilty plea waives claims of attorney error such as failure to review prosecutor's file, failure to investigate witnesses, and failure to investigate the legality of a petitioner's arrest). Here, Petitioner's defaulted claims (failure to investigate, failure to pursue a defense) would be waived. To the extent that any "erroneous advice" went toward his claim of his involuntary plea, such claim is discussed *infra*.

### B. Ineffective Assistance of Counsel: Petitioner's Bar Grievance

Respondent asserts Petitioner's ineffective assistance of counsel claim regarding the filing of a state bar grievance is "without merit and entirely conclusory." (ECF 14, at 20). The Court agrees. The Court first notes that the State Bar of Texas's Office of the Chief Disciplinary Counsel did not discipline Petitioner's trial counsel in any manner as a result of the grievance, nor find any rule violations. (*See* ECF 5, at 10). Petitioner's appeal to the Board of Disciplinary Appeals also found no

disciplinary infraction by counsel. (*See id.*, at 14). Thus, even if Petitioner's allegations made in the grievance, if sustained by the State Bar of Texas's disciplinary review panels, could be a basis for Petitioner's federal ineffective assistance of counsel claims, these claims were not determined to be a violation of the Rules of Conduct. (*See id.*).

A finding of professional misconduct by the State Bar of Texas alone would also not presumptively show that Petitioner's counsel was constitutionally ineffective. *See Ex Parte Raborn*, 658 S.W.2d 602, 606 (Tex. Crim. App. 1983). Additionally, the TCCA reviewed Petitioner's claim for ineffective assistance on this ground and found no error. (ECF 14-2, at 20-25; ECF 5, at 22). Petitioner has advanced no argument why the TCCA's ruling was wrong. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Without evidence in the record, Petitioner's bald assertions as to the conduct of his attorneys are not of any probative evidentiary value. *Miller*, 200 F.3d at 282; *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### C. Ineffective Assistance of Counsel: Failure to Challenge Enhancements

Respondent is correct that the maximum possible sentence was not exceeded by Petitioner's plea. (ECF 14, at 16); *see also* TEXAS PENAL CODE ANN. §§ 38.04(b)(2)(A), 12.42(a) (punishment range of 2-20 years for single enhanced third-degree felony). The Court must address Petitioner's erroneous statements and apparent belief that he was charged with a "state-jail felony" offense of evading, rather than with a third-degree felony. (ECF 5, at 2; ECF 14-2, at 20-25). This is very relevant to the analysis regarding double enhancements. The maximum possible sentence for any *double* enhanced *state-jail* felony is 20 years. *See* TEX. PENAL CODE ANN. § 12.42(a)-(d). However, a third-degree felony (or higher), double enhanced, will face a penalty of 25 to 99-years (as Petitioner was admonished). *See id*; (ECF 14-2, at 10).

Two versions of section 38.04(b) were enacted in 2011. *See State v. Sneed*, No. 09-14-00232-CR, 2014 WL 4755502 at *3, 2014 WL 4755502 (Tex. App.—Beaumont Sept. 24, 2014, *pet. ref'd*) (mem. op., not designated for publication). Under the first version, evading arrest or detention is:

> (1) a state jail felony if:
>
> (A) the actor has been previously convicted under this section; or
>
> (B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;
>
> (2) a felony of the third degree if:
>
> (A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or
>
> (B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight....

TEXAS PENAL CODE ANN. § 38.04(b). Under the second version, evading arrest or detention is:

> (2) a felony of the third degree if:
>
> (A) the actor uses a vehicle while the actor is in flight;
>
> (B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
>
> (C) the actor uses a tire deflation device against the officer while the actor is in flight[.]

*See id*.

In *Sneed*, the Fort Worth Court of Appeals addressed the differences and concluded that even if the amendments were irreconcilable, Senate Bill 1416—codified in the second version above—was the latest of the bills to be enacted and would prevail over earlier bills. *See Sneed*, 2014 WL 4755502, at *3 (citing *Adetomiwa v. State*, 421 S.W.3d 922, 926-27 (Tex. App.—Fort Worth 2014, *no pet.*)). "The offense of evading arrest or detention with a motor vehicle is a third-degree felony if the actor

uses a motor vehicle while in flight, *regardless of whether the actor has a previous conviction for evading arrest or detention.*" *See id*. at *4; *see also Fulton v. State*, 587 S.W.3d 76, 78 (Tex. App.—San Antonio 2019, *no pet*.) (adopting *Adetomiwa*); *Warfield v. State*, No. 03-15-00468-CR, 2017 WL 2628563 at **11–12 (Tex. App.—Austin June 14, 2017, *pet. ref'd*) (mem. op., not designated for publication) (adopting *Adetomiwa* and cataloging Texas courts of appeals that have reached the same conclusion). The Court need not reach the question of whether the rule of lenity applies. *See Ochoa v. State*, 355 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2010, *pet. ref'd*).

Here, the indictment alleged that Petitioner intentionally fled, using a vehicle. (ECF 14-2, at 3). Petitioner was charged with and convicted of the *third-degree felony offense* of evading arrest, and his twenty-year sentence is within the punishment range for a third-degree felony, as enhanced by a single prior felony. *See* TEXAS PENAL CODE ANN. § 12.42(a) (punishment range for a third-degree felony enhanced by a prior felony conviction greater than state-jail is 2-20 years). Thus, Petitioner was properly charged with a third-degree felony offense of evading, and a double enhancement from two prior felonies could result in a sentence of 25-99 years. *See* TEXAS PENAL CODE ANN. § 12.42(d).

Thus, Petitioner cannot show that his counsel was ineffective for failing to challenge enhancements or punishment ranges, because they were not improper or susceptible to challenge. Although the 20-year sentence was the maximum possible sentence that could be imposed as a result of the *unamended* indictment, the prosecutor's "threat" to amend the evading indictment to correspond with the possession of a controlled substance's indictment (to include *two* enhancement paragraphs) was not a false threat and would have resulted in a significantly higher punishment range and a *mandatory* minimum sentence of at least five more years. Counsel was not ineffective for not challenging the indictment's enhancement provision, where such a challenge would have been futile. Additionally, Petitioner pleaded "true" to the enhancement provision. (ECF 14-2, at 5).

The record reflects, discussed *infra,* Petitioner entered a knowing, intelligent, and voluntary plea of guilty. "By pleading guilty to an offense . . . a criminal defendant waives all non-jurisdictional defects preceding the plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [professional] standards.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Because of his voluntary plea of guilty, Petitioner is now precluded from raising his ineffective assistance claims. In other words, Petitioner, by virtue of his plea, waived these non-jurisdictional claims. Thus, Petitioner's claim is meritless and should be denied.

### D.  Failure to Grant Continuance: Denial of Counsel of Choice

Petitioner argues that he was denied his Sixth Amendment right to counsel of his choice when the state trial court refused to grant his continuance request to hire his own counsel. (ECF 3, at 5-7; ECF 14-2, at 20-25). Petitioner raised this claim in his state habeas application as well. (ECF 14-2, at 20-25). Respondent argues that Petitioner's claim is meritless. (ECF 14, at 21-23).

The Sixth Amendment right to counsel of choice is limited, and protects only a paying defendant's fair or reasonable opportunity to obtain counsel of the defendant's choice. *United States v. Paternostro*, 966 F.2d 907, 912 (5th Cir. 1992); *United States v. Mitchell*, 777 F.2d 248, 256 (5th Cir. 1985); *Neal v. State of Tex.*, 870 F.2d 312, 315 (5th Cir. 1989); *Gandy v. State of Ala.*, 569 F.2d 1318, 1323 (5th Cir. 1978). The Fifth Circuit has determined:

> Our Court has resolved the apparent tension between the defendant's right to counsel of choice and the district court's need to manage its docket by holding that only an arbitrary or unreasonable denial of a requested continuance will constitute a violation of the defendant's Fifth or Sixth Amendment rights. *See Gandy*, 569 F.2d at 1322–23.

> If the challenged decision is neither arbitrary nor unreasonable, we must uphold the trial court's decision to deny the continuance, even when we consider the decision to be a harsh one. *Neal*, 870 F.2d at 315.
>
> The decision whether to grant a continuance in such a situation requires a "delicate balance between the defendant's due process right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice." *Gandy*, 569 F.2d at 1323. There are no mechanical tests for making this determination, which is uniquely dependent upon the circumstances presented in every case. *Ungar*, 84 S.Ct. at 850. Our precedent establishes, however, that several factors are routinely relevant to this inquiry. Those factors include: (1) when the request for continuance was filed; (2) the nature of the reasons offered to support the continuance, particularly where there is reason to believe that those reasons are either less than candid or offered in bad faith; (3) the length of the requested delay; (4) the number of continuances previously granted; and, the great catch-all, (5) the general balance of convenience to the parties and the court. *See Gandy*, 569 F.2d at 1324; *see also Slappy*, 103 S.Ct. at 1617; *Ungar*, 84 S.Ct. at 850; *Mitchell*, 777 F.2d at 257–58.

*United States v. Hughey*, 147 F.3d 423, 431–32 (5th Cir. 1998). Petitioner presents no evidence in support of his petition that he actually requested a continuance with the trial court. Additionally, as noted above, Petitioner had seven months to hire his own counsel, and he decided to proceed with a plea on his case rather than proceed to trial to gain time to hire his own counsel and fight any possible sentence enhancement. Petitioner has asserted only a conclusory claim that the trial court's decision to deny any continuance would have constituted an abuse of discretion. Thus, his claim is without merit.

### E.  Involuntary Plea: Incorrect Punishment Admonishments, Erroneous Advice

Petitioner argues that his plea was induced by erroneous advice and improper punishment admonishments. (ECF 3, at 5-7; ECF 5, at 1-9). Respondent seems to concede that the punishment admonishment given to Petitioner prior to his plea was for a *double* enhanced third-degree felony plea. (ECF 14, at 8-9). The Court agrees that the punishment admonishment was not correct for a third-degree felony, single enhanced plea. The question becomes whether Petitioner's plea was voluntary and knowing if the Petitioner was advised correctly of the *possible* punishment range if the

prosecutor amended the indictment, as allowable, prior to trial. *See* TEXAS CODE OF CRIM. PROC. ART. 28.10.

A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

> When a petitioner challenges the voluntariness of his guilty plea entered pursuant to the advice of counsel on ineffective assistance grounds, he must establish that his counsel's advice fell below the range of competence demanded of an attorney in a criminal case. Further, he must show prejudice by establishing that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial. This assessment will turn partially on a prediction of what the outcome of a trial might have been.

*Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005) (internal citations and quotations omitted). Here, Petitioner complains of counsel's failure to challenge the punishment range and the erroneous punishment admonishments given to him prior to his plea. (ECF 3, at 5-7; ECF 5, at 1-9).

Petitioner claims he was coerced to plead guilty by threats of a higher sentence if Petitioner proceeded with trial, where he would have been given a harsher sentence and prosecuted as a habitual offender, double enhanced, as charged in the second indictment in his possession of a controlled substance case. These types of "threats" are not a violation of due process and do not amount to coercion and an involuntary plea. The plea offer was within the punishment range of the offense and enhancement in the indictment (although it was the statutory maximum). Even if the prosecutor did threaten to seek a more serious charge (or enhancement) in the event that the plea offer was rejected, the Supreme Court has long recognized that this would not violate due process. *Bordenkircher v. Hayes*, 434 U.S. 357, 364–65 (1978) (finding no due process violation when a state prosecutor carries out a threat made during plea negotiations to have a defendant re-indicted on more serious *but plainly viable* charges if he does not plead guilty under the original indictment); *see also Smallwood v.*

*Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) ("It is clear that due process is not violated when a state prosecutor exercises his discretion and charges a defendant as a habitual offender for refusing a plea bargain.").

Here, Petitioner alleges that his trial counsel provided erroneous advice to him about the range of punishment he faced. The Court recognizes that the punishment admonishments, as provided in writing prior to the plea, *overstated* the possible punishment range for a *single*-enhanced third-degree felony, as indicted at the time of the plea. The punishment range in the admonishment was appropriate for a *double*-enhanced third-degree felony, in the event that the prosecutor amended the indictment to add the second enhancement. But an overstated punishment admonishment would not have *induced* Petitioner to plea (he would not have accepted the plea if he knew he was receiving the punishment contained in the admonishment – a minimum 25-year sentence or a maximum sentence of 99 years). Thus, the admonishment did not induce his plea. Petitioner would, in fact, have faced 25-99 years if the prosecutor carried out his "threat" to add the second enhancement paragraph to Petitioner's indictment for evading, as discussed *supra*. *See* TEXAS PENAL CODE ANN. § 12.42(d). Because this second enhancement was a "plainly viable charge," it was not a violation of due process to let Petitioner know what he faced should he reject the plea bargain.

Petitioner does *not* contend that he would not have pleaded guilty and would have insisted on going to trial, even considering the threat of a double enhancement, absent counsel's allegedly erroneous advice. Rather, Petitioner's entire habeas petition seems to rest on the fact that a double enhancement to a <u>state-jail felony</u> evading charge would have a maximum 2-20 year sentence and a single enhancement would have a maximum 10-year sentence; Petitioner would be correct *only if* he was charged with a state-jail felony evading offense. He was not. He was charged with a third-degree felony, and his punishment did not exceed the maximum sentence for his indicted offense. Petitioner thus fails to allege prejudice under the *Strickland* standard. Even had Petitioner made such a claim,

he would not have received a reduced sentence if he rejected the plea offer and proceeded to trial, because the prosecutor would have amended the indictment to add the second enhancement. It would have then been impossible to receive less than a 25-year sentence. Petitioner has failed to "affirmatively prove" that he was prejudiced by his counsel's alleged failure to properly advise him regarding the range of punishment that would be applicable if he proceeded to trial rather than plead guilty. *Strickland*, 466 U.S. at 693.

As a final matter, Petitioner simply revives the arguments presented in his state habeas petitions in support of his claim of involuntary guilty pleas due to ineffective assistance of counsel, which the state habeas courts rejected. (ECF 14-2, at 20-25; ECF 5, at 22). With nothing more, Petitioner wholly fails to demonstrate the state court decision was improper. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). Petitioner has wholly failed to show that the state habeas court's conclusion on this claim amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)). Accordingly, his claim fails.

## VII.     RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner Shawn Gillchrest be DENIED.

## VIII.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 28, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).